# EXHIBIT U

## UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

### COOPERATION AGREEMENT

1. In connection with an investigation relating to financial fraud at Iconix Brand Group, Inc. ("Iconix") from 2013 through at least the third quarter of 2015 ("Investigation"), the Division of Enforcement ("Division") of the United States Securities and Exchange Commission ("Commission") and Seth Horowitz ("Defendant") enter into this cooperation agreement ("Agreement") on the following terms and conditions:

### COOPERATION

2. The Defendant agrees to cooperate fully and truthfully in the Investigation and any other related enforcement litigation or proceedings to which the Commission is a party (the "Proceedings"), regardless of the time period in which the cooperation is required. In addition, the Defendant agrees to cooperate fully and truthfully, when directed by the Division's staff, in an official investigation or proceeding by any federal, state, or self-regulatory organization ("Other Proceedings). The full, truthful, and continuing cooperation of the Defendant shall include, but not be limited to:

   a. producing all non-privileged documents and other materials to the Commission as requested by the Division's staff, wherever located, in the possession, custody, or control of the Defendant;

   b. appearing for interviews, at such times and places, as requested by the Division's staff;

   c. responding fully and truthfully to all inquiries, when requested to do so by the Division's staff, in connection with the Proceedings or Other Proceedings;

   d. testifying at trial and other judicial proceedings, when requested to do so by the Division's staff, in connection with the Proceedings or Other Proceedings;

   e. accepting service by mail or facsimile transmission of notices or subpoenas for documents or testimony at depositions, hearings, trials or in connection with the Proceedings or Other Proceedings;

   f. appointing his undersigned attorney as agent to receive service of such notices and subpoenas;

   g. waiving the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, when requested to appear by the Division's staff; and

h.  entering into tolling agreements, when requested to do so by the Division's staff, during the period of cooperation.

## VIOLATION OF AGREEMENT

3. The Defendant understands and agrees that it shall be a violation of this Agreement if he knowingly provides false or misleading information or materials in connection with the Proceedings or Other Proceedings. In the event of such misconduct, the Division will advise the Commission of the Defendant's misconduct and may make a criminal referral for providing false information (18 U.S.C. § 1001), perjury (18 U.S.C. § 1621), making false statements or declarations in court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402) and/or obstructing justice (18 U.S.C. § 1503 *et seq.*).

4. The Defendant understands and agrees that it shall be a violation of this Agreement if he violates the federal securities laws after entering into this agreement. It is further understood and agreed that should the Division determine that the Defendant has failed to comply with any term or condition of this Agreement, the Division will notify the Defendant or his counsel of this fact and provide an opportunity for the Defendant to make a submission consistent with the procedures set forth in the Securities Act of 1933 Release No. 5310. Under these circumstances, the Division may, in its sole discretion and not subject to judicial review, recommend to the Commission an enforcement action against the Defendant for any securities law violations, including, but not limited to, the substantive offenses relating to the Investigation. Nothing in this agreement limits the Division's discretion to recommend to the Commission an enforcement action against the Defendant for future violations of the federal securities laws, without notice, to protect the public interest.

5. The Defendant understands and agrees that any statute of limitations applicable to any action or proceeding against him authorized, instituted, or brought by or on behalf of the Commission or to which the Commission is a party arising out of the Investigation, including any sanction or relief that may be imposed therein, is tolled or suspended from the date the Agreement is executed until the commencement of an enforcement action against the Defendant related to the Investigation or the Defendant provides written notice of unilateral termination of the Agreement to the Division. The Defendant will not assert any claim or defense based on the passage of time from the date of this Agreement to the commencement of any action or proceeding against him authorized, instituted, or brought by or on behalf of the Commission or to which the Commission is a party arising out of the Investigation including any sanction or relief that may be imposed therein, whether such claim or defense is constitutional, statutory (including any statute of limitations or Section 4E(a) of the Securities Exchange Act of 1934) or equitable (including laches or other equitable doctrines).

## COMPLIANCE WITH AGREEMENT

6. Subject to the full, truthful, and continuing cooperation of the Defendant, as described in Paragraph 2, and compliance with the federal securities laws, if the Division recommends an enforcement action or proceeding against the Defendant arising from the Investigation, it will inform the Commission of the fact, manner, and extent of his cooperation during the Proceedings

or Other Proceedings and recommend appropriate credit based upon the analytical framework set forth by the Commission in 17 CFR § 202.12 and any specific recommendations set forth below. Upon the written request of the Defendant, the Division also may issue a letter to other federal, state or self-regulatory organizations detailing his cooperation during the Proceedings or Other Proceedings.

7.  The Defendant understands and agrees that this Agreement does not constitute a grant of immunity by the Commission, nor is it any other form of final disposition. If the Defendant fully satisfies his obligations under this Agreement, among other alternatives, the Division may recommend and the Commission may accept a settlement offer from the Defendant in the form of an Offer or Consent, or agree to such other disposition deemed appropriate by the Division and the Commission.

8.  The Defendant understands and agrees that this Agreement does not bind the Commission or any other federal, state or self-regulatory organization. The Division cannot, and does not, make any promise or representation as to whether or how the Commission may act on enforcement recommendations associated with this Investigation or the Defendant. The Commission has absolute discretion to accept or reject any enforcement recommendations made by the Division.

9.  The Defendant understands and agrees that the Agreement only applies to enforcement actions arising from the Investigation and does not relate to any other violations or any individual or entity other than the Defendant.

## SPECIFIC RECOMMENDATIONS

10.  The Division agrees to make the specific enforcement recommendations to the Commission set forth in paragraph 12 if: (i) the Division determines to recommend an enforcement action or proceeding against the Defendant arising from the Investigation; (ii) the Defendant agrees to enter into a settlement with the Commission incorporating the terms of paragraph 12; and (iii) the Division determines that the Defendant has provided substantial assistance to the Commission during the Proceedings or Other Proceedings. The Defendant understands and agrees that the determination of whether he has provided "substantial assistance" is within the sole discretion of the Division and not subject to judicial review.

11.  If the Division recommends an enforcement action or proceeding against the Defendant, he agrees to enter into a settlement with the Commission in an injunctive action that alleges the Defendant, in 2014, violated Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5, 13b2-1, and 13b2-2 thereunder; Section 17(a) of the Securities Act of 1933 ("Securities Act"); and aided and abetted violations of Exchange Act Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and Exchange Act Rules 12b-20, 13a-1, 13a-11, and 13a-13 by participating in a financial fraud scheme at Iconix.

12.  In exchange for the Defendant's compliance with the terms and conditions of this Agreement, the Division will include the following specific recommendations in any enforcement recommendation to the Commission including:

a. a permanent injunction providing that Defendant refrain indefinitely from violating (or aiding and abetting violations of) Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5, 13b2-1, and 13b2-2 thereunder; Section 17(a) of the Securities Act of 1933 ("Securities Act"); and aiding and abetting violations of Exchange Act Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and Exchange Act Rules 12b-20, 13a-1, 13a-11, and 13a-13.

b. disgorgement in the amount of $121,024.53, with prejudgment interest in the amount of $26,394.63, payable at the time the settled complaint is approved by the court.

c. a civil penalty, if any, in an amount determined at a later date upon consideration of Mr. Horowitz's cooperation, but not to exceed $200,000 (Two hundred thousand dollars).

d. a permanent bar from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.

## VOLUNTARY AGREEMENT

13. The Defendant's decision to enter into this Agreement is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than those contained in this Agreement.

14. The Defendant has read and understands this Agreement. Furthermore, he has reviewed all legal and factual aspects of this matter with his attorney and is fully satisfied with his attorney's legal representation. The Defendant has thoroughly reviewed this Agreement with his attorney and has received satisfactory explanations concerning each paragraph of the Agreement. After conferring with his attorney and considering all available alternatives, the Defendant has made a knowing decision to enter into the Agreement.

## ENTIRETY OF AGREEMENT

15. This Agreement constitutes the entire agreement between the Division and the Defendant, and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.

16. This Agreement cannot be modified except in writing, signed by the Defendant and a representative of the Division.

17. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the parties hereto, and no presumption or burden of proof shall arise favoring or disfavoring the Division or the Defendant by virtue of the authorship of any of the provisions of the Agreement.

The signatories below acknowledge acceptance of the foregoing terms and conditions.

DEFENDANT

11/21/19
Date

Seth Horowitz

The foregoing instrument was acknowledged before me this 21st day of November, 2019, by SETH HOROWITZ, who ___ is a personally known to me or ✓ who has produced a valid driver's license as identification and who did take an oath.

Mary Ann Gagliardi
Notary Public
State: New York
Commission number: 01GA4703341
Commission expiration: August 31, 2021

MARY ANN GAGLIARDI
NOTARY PUBLIC State of New York
No. 01GA4703341
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Aug. 31, 20 21

DEFENDANT'S COUNSEL

Approved as to form:

11/22/19
Date

Mark D. Cahn, Esq.
Matthew Beville, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6349

SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT

Date

Anita Bandy
Associate Director